**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 06 34ML |
| v. | ) | |
| JACQUELINE PEREZ | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, JACQUELINE PEREZ, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges: conspiracy to distribute more than 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846 (Count I). Defendant will plead guilty to the Information.

2. Defendant understands that under the United States Sentencing Guidelines (the "guidelines"), defendant's sentence will be determined in large part based on the quantities of controlled substances involved in the offense, including controlled substances and currency that constitute "relevant conduct" under guidelines section 1B1.3. Defendant agrees that the substance involved in Count I is marijuana and that the total weight of marijuana referenced in Count I is approximately 1300

pounds. Defendant further agrees that the government could prove these facts beyond a reasonable doubt.

3. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the low end of the guidelines range for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, including probation or a "split-sentence," if permitted under the guidelines. The government reserves the right to recommend any sentence up to and including the statutory maximum sentence, in the event that the defendant seeks (1) a downward departure, or (2) a sentence below the guidelines range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate her acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters her plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1

level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The United States and Defendant stipulate and agree to the following facts:

i. The total amount of marijuana involved in this case is between 400 and 700 kilograms of marijuana.

ii. The defendant was a minimal participant in the criminal activity, as that term is defined in U.S.S.G. §3B1.2(a).

iii. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation

4. The maximum statutory penalties for the offense(s) to which Defendant is pleading are as follows:

Count One:

a) five to forty years imprisonment;

b) a fine of up to $2,000,000;

c) a term of supervised release of at least 4 years to life; and

d) a mandatory special assessment of $100.

5. Defendant agrees that, after she and her counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment.

6. Defendant understands that she has the following rights:

a. to be represented by an attorney at every stage of the proceedings against him;

b. to persist in a plea of not guilty;

c. to be tried by a jury;

d. to have counsel assist her in that trial;

e. to confront and cross-examine the witnesses against her;

f. to call witnesses on her own behalf; and

g. to testify on her own behalf, if she wishes, but also a right against self-incrimination and that she, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, she gives up her right to a trial and that, by answering the Court's questions, she also gives up her right not to incriminate herself.

7. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

8. Except for paragraphs 2-3, above, the parties have made no agreement concerning the application of the guidelines in this case.

9. Defendant understands that the Court alone makes all sentencing decisions, including all application of the guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than she expects, Defendant will not be allowed to withdraw her plea of guilty.

10. This agreement is binding on the government only if Defendant pleads guilty, fulfills all her obligations under the agreement, does not engage in any conduct which may constitute obstruction of justice under §3C1.1 of the guidelines, does not commit any new offenses, and does not otherwise violate the terms of his release or detention pending sentence. Defendant understands that if she violates this agreement in any way, the government shall be released from its obligations under the

agreement and will be free to make any recommendations that it deems appropriate. In the event of any such violation, Defendant shall not have the right to withdraw her guilty plea.

11. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

12. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced her to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

16. Defendant states that she has read the agreement or has had it read to her, has discussed it with counsel, understands it, and agrees to its provisions.

x Jacqueline Perez ______ x 3-2-06 ______
JACQUELINE PEREZ Date
Defendant

______ 2-9-06 ______
CHARLES W. McGOWAN Date
Counsel for the Defendant

______ 3-8-06 ______
ADI GOLDSTEIN Date
Assistant U.S. Attorney

Kenneth P. Madden ______ 3-3-2006 ______
KENNETH P. MADDEN Date
Assistant U.S. Attorney